IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                                          CRIMINAL NO. 1:02cr92WJG-2

TROY DALE SUMLIN

O R D E R

This cause is before the Court, *sua sponte*, to address matters raised in Defendant Troy Dale Sumlin's motion to amend the judgment which were not concluded by this Court's entering the Amended Judgment on May 11, 2006. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

In August 2003, Sumlin was convicted by guilty plea to one count of conspiracy to possess with intent to distribute cocaine hydrochloride and was sentenced to 46 months imprisonment and 4 years supervised release. On May 19, 2005, Sumlin filed a motion to amend the judgment to reflect this Court's intention that his sentence should run concurrent to any state sentence. Additionally, Sumlin argued that he should be given credit for time served from December 5, 2002, until he was sentenced after pleading guilty to federal charges on August 6, 2003, which time was spent in state custody awaiting trial on the federal charges.

This Court entered an Amended Judgment on May 11, 2006, to add language that Sumlin's term of imprisonment is "to run concurrent to any state sentence resulting from the

same violation presently before this Court." (Ct. R., Doc. 50, p. 2.) The Amended Judgment did not address Sumlin's bid for time served, thus the Court will now address the issue.

Sumlin asserts that this Court's colloquy at sentencing reflected an intent to give Sumlin credit for time served from December 5, 2002 until August 6, 2003. The Court is not convinced that Sumlin has proven that he should be sentenced to time served. First, the Court's language at sentencing does not address the issue of credit for time served. At Sumlin's sentencing, the Court stated as follows:

> It is the sentence of the Court you be committed to the custody of the Bureau of Prisons for 46 months. The sentence shall run concurrent with any state sentence you're currently serving.

(Ct. R., Doc. 36, p. 12-13.) The transcript of Defendant's sentencing hearing reflects nothing mentioned regarding time served, and the Amended Judgment reflects the language of the Court used at sentencing. (Ct. R., Doc. 36) Second, neither Sumlin nor his attorney raised the issue of time served at sentencing. Sumlin's attorney did request a concurrent sentence, but no argument was raised for time served. (Ct. R., Doc. 36, p. 10.) Indeed, it was only through Sumlin's motion to amend the judgment, filed nearly two years after sentencing, that the Court was made aware that Sumlin had an issue with his sentence regarding time served or otherwise. Third, Sumlin failed to provide any authority or evidence that he is entitled to time served. Equally, other than his word, Sumlin offers no evidence that he was actually in custody or serving a state sentence during the time in question.

The Court, however, is aware that the United States does not oppose sentencing Sumlin to time served. In its response to Sumlin's argument, it appears that the United States agrees that Sumlin should be sentenced to time served because it cannot verify or refute, due to the

destruction of records by Hurricane Katrina, that Sumlin was in custody during the date in question. No authority or evidence was offered to oppose Sumlin's request for time served. Consequently, affording Sumlin all the benefits of doubt, the Court finds that Sumlin's request for time served should be granted.   It is therefore,

ORDERED AND ADJUDGED that the Defendant be given credit for time served from December 5, 2002, until he was sentenced after pleading guilty to federal charges on August 6, 2003.  It is further,

ORDERED AND ADJUDGED that the Clerk of Court include the United States Marshals Service, the United States Attorneys Office, and the United States Probation Office in the distribution of this Order.

SO ORDERED AND ADJUDGED this the 23rd  day of June, 2006.


*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE